**E-FILED**
Wednesday, 26 October, 2011 01:11:03 PM
Clerk, U.S. District Court, ILCD

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS
### PEORIA DIVISION

| | | |
|---|---|---|
| KEYSTONE CONSOLIDATED INDUSTRIES, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 02-cv-1139 |
| | ) | |
| MID-STATES DISTRIBUTING COMPANY, INC., OKLAHOMA STEEL & WIRE CO., INC., and BLAIN SUPPLY, INC., | ) | |
| | ) | |
| Defendants. | ) | |

| | | |
|---|---|---|
| KEYSTONE CONSOLIDATED INDUSTRIES, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 02-cv-1082 |
| | ) | |
| BLAIN SUPPLY, INC., and FREEPORT FARM & FLEET, INC. | ) | |
| | ) | |
| Defendants. | ) | |

## O R D E R   &   O P I N I O N

This matter is before the Court on the parties' Joint Motions to Dismiss these two cases with prejudice. (02-cv-1129: Doc. 80; 02-cv-1082: Doc. 79). On September 13, 2005, the parties entered into a Settlement Agreement to resolve these two cases; the Settlement Agreement remains in effect. Pursuant to the Settlement Agreement, the Court dismissed the cases without prejudice on September 27, 2005, while retaining jurisdiction to enforce the Settlement Agreement; the previously-

imposed Preliminary Injunction also remained in effect. (02-cv-1129: Doc. 72; 02-cv-1082: Doc. 74).

In their instant Motions, the parties assert that the Settlement Agreement's Purchase Goal has been met, and request that the Court make permanent the Preliminary Injunction and dismiss the actions with prejudice. (02-cv-1129: Doc. 80 at 2; 02-cv-1082: Doc. 79 at 2). The parties also ask, in their proposed order, that the Court retain jurisdiction in order to enforce the Settlement Agreement.[1] (02-cv-1129: Doc. 80-1 at 2; 02-cv-1082: Doc. 79-1 at 2).

IT IS THEREFORE ORDERED:

1. The parties' Joint Motions to Dismiss these cases with prejudice (02-cv-1129: Doc. 80; 02-cv-1082: Doc. 79) are GRANTED.

2. Civil Action No. 02-1139 and Civil Action No. 02-1082 are DISMISSED WITH PREJUDICE pursuant to the parties' Settlement Agreement, with each party to bear its own costs and attorneys' fees.

---

[1] Ordinarily, enforcement of an agreement, even if that agreement settles a federal lawsuit, is a matter of state law contract law and must be litigated in state court unless a separate basis of jurisdiction exists. However, the Court finds that retention of jurisdiction in this case is proper, since this explicit provision obligates the parties to comply with the agreement as part of the order of dismissal. *See Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 380-81 (1994) ("[I]f the parties' obligation to comply with the terms of the settlement agreement had been made part of the order of dismissal-either by separate provision (such as a provision 'retaining jurisdiction' over the settlement agreement) or by incorporating the terms of the settlement agreement in the order…, a breach of the agreement would be a violation of the order, and ancillary jurisdiction to enforce the agreement would therefore exist."); *Kay v. Board of Educ. of City of Chicago*, 547 F.3d 736 (7th Cir. 2008).

3. The Court RETAINS JURISDICTION for the purpose of enforcement of the parties' Settlement Agreement.

4. The Court's September 27, 2005 Orders of Dismissal in these cases (02-cv-1129: Doc. 72; 02-cv-1082: Doc. 74) remain in effect and the Preliminary Injunction issued therein is hereafter made PERMANENT.

Entered this <u>26th</u> day of October, 2011.

s/ Joe B. McDade
JOE BILLY McDADE
United States Senior District Judge
